Simps,>.n
deiivired the opinion of the court.
Willian Steele, of Payette county, died in October, l84-.chil lle.-s and unmarried. Shortly thereafter!). L Price and wife offered for probate, before the County Court of that county, his last will and testament, which, as they allege, was lo.-t, and which they p -opose to establish as a lost will. Upon the testimony of witnesses the court established the will, and it was admitted to record An appeal from the sentence of tho County Court was taken to the Circuit. Court, by the. contesting heirs, and upon the trial of that appeal the will was again established, as it bad been in the County Court, except that, some mod *99 ideation of its provisions was then made. The testirnony introduced upon the trial in the Circuit Court was placed upon the record by a bill of exceptions, and the case was brought up to this court, where the decision of the Circuit Court was affirmed. The opinion delivered in the case is reported in 5 B. Monroe. 58.
A bill was filed to establish a lost will, and the will partially established. Subs e q u c ntly other persons cl aiming to bo heirs, and not parties to the first suit, filed their bill contesting the validity of the will as established. Hold, that «pon the trial of this 2nd case, it was liropor to admit, as evidence, the testimony found in (lie record, of all such witnesses as were dead or whose testimony could not bo had; tint, not to read the bJl of exceptions oontmmng the tes-timony of mhnvtSagRinVbe exiimined. Singleton vs. Singleton, <$fc., 8 B. Monroe, 368.
*99 Borne, of the heirs of William Steele, who were not parties to that controversy, afterwards instituted this suit in chancery, in the Fayette Circuit Court, contesting the validity of the will. An issue was male on this subject by the parties, on the trial of which the evidence contained in the bill of exceptions, that had been taken on the former trial in the Circuit Court, was offered on the part of Price and wife, and, although objected to by the complainants, 'was admitted by the court. The propriety of the decision ol this question by the Circuit Court, is ihc principal matter presented for our consideration, in reviewing upon this writ of error the proceedings in the court below, the decree rendered therein having been in favor of the will.
Ry the 15th section of the act of 1797, (2 Statute La-o, 1511.) it was enacted, that “In all trials by ju- ‘ ry the certificate of the oaths of the witnesses at ‘ the time of the first probate shall be admitted asev- ‘ idence, to have such weight as the jury shall think ‘ it deserves.” It was under this provision of the statute that the evidence objected to was admitted by the Circuit Court.
The statute containing this section prescribes the mode of probate in the County Court, and the manner in which any person interested' shall have a right, if that court has granted a certificate of probate, to appear within seven years afterwards and contest the validity of the will, by bill in chancery. And it is upon the trial of the issue which, under the provisions of the statute, is to be submitted to the decision of a jury, that the certificates of the oaths of the witnesses, at the time of the first probate, is to *100 be admitted as evidence. The probate referred to, and described in the statute as the first probate, is evidently the probate in the County Court. No pro-r, ‘ J 1 bate in any other court is mentioned in the statute, an(l the object of the suit in chancery, which the statute authorizes, and in which the evidence is al- . . , . „ . . lowed to be used, is to avoid the eflect ox that probate.
In making a certificate of probate the common and uniform custom in the County Courts has been, as we believe, merely to state that the will had been proved by the oaths of certain witnesses, whose names were given. Their evidence was not stated in the certificate of probate, but only the fact that the execution of the will had been proved by them. The existence of this custom not only accounts for the peculiarity noticable in the statute, in allowing the certificate of the oaths of the witnesses to be admitted as evidence, instead of the facts proved by them at the time of the first probate, but It also demonstrates that it was the probate in the County C.ourt only that was referred to in this part of the statute.
. It is a fundamental and important principle of the law of evidence that a party shall have an opportunity to cross-examine the witness whose testimony is offered against him. This rule, which is material to the rights of every litigant, should not be departed from, except where the attainment of justice, and' the necessity of the case require the adoption of a different principle. The probate of a will, it is true, is- a proceeding quasi in retn, and in such proceedings the sentence of the court having jurisdiction is generally conclusive against all persons. This conclusive effect is, however, given to the judgment of the court, and not. to the testimony. But the probate referred to.in the statute is not conclusive on persons who are. interested in the proceeding, but who are not parties to it; they are allowed-to appear within seven years thereafter and contest the validity of the *101 will, notwithstanding such probate. The sentence of the court not being conclusive on them, the testimony given upon the probate can have such effect only, upon a subsequent trial, as is imparted to it by the statute. And as the statute evidently refers alone to the probate in the County Court; and as the admission of testimony which was given upon a former proceeding, to which the persons to be affected ty it were not parties, is in direct violation of an important legal principle, this provision of the statute should not be enlarged, by construction, beyond its plain and natural import. It only embraces such evidence as shall be given in the County Court, up-the probate therein made, and not such as might be given in any other court, and no other should be admitted under the authority of the statute.
But as there is an identity of interest between the parties who are now contesting, and the parties who have heretofore contested the validity of the will, there is an evident propriety in imparting to the testimony delivered upon the former trial in the Circuit Court, the character of secondary evidence, and authorizing it to be used as such where any of the witnesses then examined cannot bo produced on the present trial. This was the rule prescribed by this court in the case of Singleton vs. Singleton, &c., 8 B. Monroe, 368, which was an analogous case. It is a rule necessary to prevent injustice, and peculiarly appropriate in such a proceeding as this. It has also the sanction of legislative approbation, having been made a statutory rule by the Revised Statutes, (page 700.) The statutory rule, it is true, does not apply in this case, which was pending at the time of its adoption, but it shows the opinion of the Legislature with respect to the justness and propriety of the. rule itself.
The questions of law involved in the instructions given by the court to the jury, were discussed and decided by this court in the opinion delivered by it in 5 B. Monroe, 58. The law was expounded by the *102 court below in substantial conformity with the principles settled in that opinion. The doctrines therein asserted we think are correct, and are not disposed to depart from them.
But for the error committed by the court, in admitting the contents of the bill of exceptions, which was taken upon the trial in Ihe Circuit, Co.urt as evidence upon the trial in this ease, the decree will have to be reversed, and a new trial awarded.
Wherefore, the dperee is reversed, and cause remanded for a new trial, and further proceedings in conformity with this opinion.